UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,       : 17-cr-00191-ERK-1
                                :
      - versus -                : U.S. Courthouse
                                : Brooklyn, New York
FERNANDO MARTE,                 :
               Defendant        : May 1, 2018
------------------------------X


TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government:**          **Richard P. Donoghue, Esq.**
                                 United States Attorney

                           BY:   **G. Karthik Srinivasan, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York  11201


**For the Defendant:**           **Murray Richman, Esq.**
                                 Law Offices of
                                 Murray Richman
                                 2027 Williamsbridge Road
                                 Bronx, NY 10461



**Transcription Service:**       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, NY 11795
                                 Laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  The Honorable Steven L. Tiscione

2  presiding.  Criminal Cause for a Guilty Plea, United

3  States v. Marte, docket number 17-cr-191.

4          Counsel, please state your appearances for the

5  record.

6          MR. SRINIVASAN:  Good afternoon, your Honor.

7          Karthik Srinivasan for the government.

8          THE COURT:  Good afternoon,

9          MR. RICHMAN:  Good afternoon, your Honor.

10          Murray Richman for the defense.

11          THE COURT:  Good afternoon.  Good afternoon,

12  Mr. Marte.

13          THE DEFENDANT:  Good afternoon, your Honor.

14          THE COURT:  Will you please swear the

15  defendant?

16          THE CLERK:  Yes.

17  F E R N A N D O   M A R T E ,

18      called as a witness, having been first duly sworn,

19      was examined Please be seated and I would ask counsel

20      and testified as follows:

21          THE COURT:  Mr. Marte, do you speak and

22  understand English?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  You understand that this is Judge

25  Korman's case.  He is the judge that will sentence you

Proceedings                               3

1   and make the ultimate decision as to whether or not to

2   accept your guilty plea.  If you wish, you have the

3   absolute right to have Judge Korman hear your plea and if

4   you choose to do that, there will be no prejudice to you.

5            Alternatively, if you wish, I can listen to

6   your plea.  A transcript will be made and Judge Korman

7   will review the transcript in deciding whether to accept

8   your plea and in connection with your sentencing.

9            Do you wish to give up your right to have Judge

10  Korman listen to your plea and instead proceed here

11  before me today?

12           THE DEFENDANT:  Yes, I do, your Honor.

13           THE COURT:  Okay.  Do you make this decision

14  voluntarily and of your own free will?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  Have any threats or promises been

17  made to you to induce you to have me take your plea?

18           THE DEFENDANT:  No, your Honor.

19           THE COURT:  All right.  Is this your signature

20  on the "Consent to Have a Plea Taken Before a Magistrate

21  Judge?"  Is that your signature?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Okay.

24           THE COURT:  Now, Mr. Marte, before I accept

25  your guilty plea, I must ask you a number of questions to

4

Proceedings

1   assure that it is a valid plea.  If you do not understand
2   any of my questions, please let me know and I'll reword
3   them or explain them to the best of my ability.
4           Okay?
5           THE DEFENDANT:  Yes, sir.
6           THE COURT:  All right.  Do you understand that
7   you have the right to be represented by counsel at trial
8   and at every other stage of the proceedings including
9   this one?
10          THE DEFENDANT:  I understand.
11          THE COURT:  Do you understand that if you
12  cannot afford counsel, the Court may appoint counsel for
13  you?
14          THE DEFENDANT:  I understand.
15          THE COURT:  All right.  Mr. Richman, who is
16  sitting next to you is your attorney.  If you wish to
17  consult with him at any time during the proceeding,
18  please let me know and I will give you as much time as
19  you need, okay?
20          THE DEFENDANT:  Okay, thank you.
21          THE COURT:  Now you've sworn to tell the truth.
22  That means that if you answer any of my questions
23  falsely, your answers later may be used against you in a
24  separate proceeding for perjury or for making a false
25  statement.

5

Proceedings

1            Do you understand that?

2            THE DEFENDANT:  I understand.

3            THE COURT:  What is your full name, sir?

4            THE DEFENDANT:  Fernando Marte.

5            THE COURT:  How old are you?

6            THE DEFENDANT:  I am 28 years old.

7            THE COURT:  What's the --

8            THE DEFENDANT:  Or 29, sorry.

9            THE COURT:  29, okay.  What's the highest grade

10  that you completed in school?

11            THE DEFENDANT:  I have a couple of semesters in

12  college.

13            THE COURT:  Okay.  And are you presently or

14  have you recently been under the care of a physician?

15            THE DEFENDANT:  No.

16            THE COURT:  Are you presently or have you

17  recently been under the care of a psychiatrist?

18            THE DEFENDANT:  No, your Honor.

19            THE COURT:  Have you ever been hospitalized or

20  treated for any mental illness?

21            THE DEFENDANT:  No, your Honor.

22            THE COURT:  Have you ever been hospitalized or

23  treated for addiction to drugs or alcohol?

24            THE DEFENDANT:  No, sir.

25            THE COURT:  In the past 24 hours, have you

6

Proceedings

1    consumed any narcotics?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  In the past 24 hours, have you

4    taken any prescription medications?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  And in the past 24 hours, have you

7    consumed any alcoholic beverages?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  Is your mind clear?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Do you understand what's going on

12   here today?

13             THE DEFENDANT:  I understood everything.

14             THE COURT:  Counsel, have you discussed the

15   matter of pleading guilty with your client?

16             MR. RICHMAN:  I have.

17             THE COURT:  And in your opinion, is he capable

18   of understanding the nature of these proceedings?

19             MR. RICHMAN: I believe he is.

20             THE COURT:  In your opinion, does he understand

21   the rights he'll be waiving by pleading guilty?

22             MR. RICHMAN:  He does, your Honor.

23             THE COURT:  Do you have any doubt as to the

24   defendant's competence to plead at this time?

25             MR. RICHMAN:  No doubt whatsoever.

7

Proceedings

1      THE COURT:  Have you advised him of the maximum

2  sentence and fine that can be imposed?

3      THE DEFENDANT:  I have.

4      THE COURT:  Have you discussed with him the

5  operation of the advisory sentencing guidelines?

6      MR. RICHMAN:  Yes.

7      THE COURT:  Mr. Marte, have you had a

8  sufficient opportunity to discuss this case with your

9  attorney?

10      THE DEFENDANT:  I have, your Honor.

11      THE COURT:  Okay.

12      THE COURT:  And are you fully satisfied with

13  the representation and advice given to you in this case

14  by Mr. Richman?

15      THE DEFENDANT:  I am.

16      THE COURT:  Have you received a copy of the

17  superseding information that the government plans to file

18  in this case?

19      THE DEFENDANT:  Yes, I have.

20      THE COURT:  And specifically, there's two

21  counts.  Count 1 is conspiracy to import cocaine.  Count

22  2 is soliciting bribes by a public official.

23      Have you reviewed those two charges and

24  discussed them with your attorney?

25      THE DEFENDANT:  I have, your Honor.

8

                    Proceedings

1           THE COURT:  Do you understand the charges?

2           THE DEFENDANT:  I do.

3           THE COURT:  I understand you're pleading guilty

4   pursuant to a written agreement with the government,

5   which I have marked before me as Court Exhibit 1.  Before

6   I go into the agreement itself, I need to advise you of

7   all of the rights that you'll be waiving if you choose to

8   plead guilty.

9           The most important thing you must understand is

10  that you do not have to plead guilty even if you are

11  guilty.  Under our legal system, the prosecutor has the

12  burden of proving the defendant's guilt beyond a

13  reasonable doubt and if the prosecutor cannot meet that

14  burden, the jury has the duty to find the defendant not

15  guilty.

16          Do you understand that?

17          THE DEFENDANT:  I understand.

18          THE COURT:  If you plead not guilty, then under

19  the Constitution and laws of the United States, you are

20  entitled to a speedy and public trial by jury with the

21  assistance of counsel on all of the charges contained in

22  the information.

23          Do you understand that?

24          THE DEFENDANT:  I understand.

25          THE COURT:  At the trial, you would be presumed

9

Proceedings

1  to be innocent.  You would not have to prove that you

2  were innocent.  It's always the government's burden to

3  overcome that presumption and prove you guilty by

4  competence evidence and beyond a reasonable doubt.

5          Do you understand that?

6          THE DEFENDANT:  I understand.

7          THE COURT: In the course of the trial, the

8  witnesses for the government would have to come to court

9  and testify in your presence.  And your counsel would

10  have the right to cross-examine the witnesses for the

11  government, to object to evidence offered by the

12  government, to offer evidence on your behalf.  Your

13  attorney would also have the right to subpoena or compel

14  witnesses to come to court and testify.

15          Do you understand that?

16          THE DEFENDANT:  I understand.

17          THE COURT:  At trial, you would have the right

18  to testify on your own behalf if you chose to do so.

19  However, you're not required to testify.  Under the

20  Constitution and laws of the United States, a defendant

21  in a criminal case cannot be forced to take the witness

22  stand and say anything that could be used against them to

23  show that they are guilty of the crimes with which they

24  are charged.

25          If you decided not to testify, the Court would

10

Proceedings

1   instruct the jury that they could not hold that against

2   you.  That's called your right against self-

3   incrimination.  By pleading guilty, however, you will be

4   admitting your guilt and giving up your right against

5   self-incrimination.

6           Do you understand that?

7           THE DEFENDANT:  I understand that.

8           THE COURT:  If you plead guilty, I must ask you

9   questions about what you did in order to satisfy myself

10  that you are, in fact, guilty of the crimes to which you

11  are pleading guilty.  And you'll have to answer my

12  questions truthfully and acknowledge your guilt.  In

13  other words, it's not simply enough to say you're guilty,

14  you must also tell me what it is that you did that makes

15  you guilty of the particular charges to which you're

16  pleading guilty.

17          Do you understand that?

18          THE DEFENDANT:  I understand.

19          THE COURT:  If you plead guilty and the

20  District Court accepts your plea, you'll be giving up

21  your constitutional right to a trial and all of the other

22  rights that I have just described.  There will be no

23  further trial of any kind.  The Court will simply enter a

24  judgment of guilty based on your plea.

25          Do you understand that?

11

Proceedings

1      THE DEFENDANT:  I understand.

2      THE COURT:  Now if you decided to go to trial

3  and the jury found you guilty, you could appeal both the

4  verdict and the sentence.  By pleading guilty and

5  entering into the agreement that's before the Court,

6  you'll have waived or given up your right to appeal or

7  collaterally attack all or part of the sentence that is

8  imposed.

9      Specifically, the agreement that you've entered

10  into with the government, provides that you have agreed

11  not to file an appeal or otherwise challenge your

12  sentence or your conviction in the event that the Court

13  imposes a term of imprisonment of 151 months or less.

14      Do you understand that?

15      THE DEFENDANT:  Understood.

16      THE COURT:  Okay.  Are you willing to give up

17  your right to a trial and the other rights that I have

18  just discussed?

19      THE DEFENDANT:  I am, your Honor.

20      THE COURT:  I am looking now at the agreement,

21  which is a twelve-page agreement. It appears to have your

22  signature, your attorney's signature and the signatures

23  of the government attorneys on the last page.

24      Is that your signature on the last page of the

25  agreement?

                         Proceedings

1            THE DEFENDANT:  It is, your Honor.

2            THE COURT:  Have you completely gone over this

3    agreement with your attorney?

4            THE DEFENDANT:  I have, your Honor.

5            THE COURT:  And do you understand all of the

6    provisions contained in the agreement?

7            THE DEFENDANT:  I do, your Honor.

8            THE COURT:  Does the written agreement

9    accurately represent the entire understanding that you

10   have with the government?

11           THE DEFENDANT:  It does, your Honor.

12           THE COURT:  Counsel, have you read and reviewed

13   this with your client?

14           MR. RICHMAN:  I have, your Honor.

15           THE COURT:  And does it reflect your entire

16   understanding of the agreement your client has entered

17   into with the government?

18           MR. RICHMAN:  It does.

19           THE COURT:  Now I wish to discuss with you the

20   sentencing scheme that's applicable here.  The first

21   statute that you're accused of violating for conspiracy

22   to important cocaine has a maximum term of life and a

23   minimum term of imprisonment of ten years.  There's also

24   a minimum supervised release term of five years and a

25   maximum supervised release term of life to follow any

13

Proceedings

1  term of imprisonment.

2      If you violate any condition of release, you

3  could be sentenced to up to five years without credit for

4  pre-release imprisonment or time previously served on

5  post-release supervision.

6      There's also a maximum fine of $10 million, a

7  mandatory $100 special assessment and there's criminal

8  forfeiture provisions that are described in paragraphs 6

9  through 13 of the agreement, which includes the entry of

10 a forfeiture money judgment in the amount of $75,000 and

11 that's the bulk of it.

12     Do you understand that?

13     THE DEFENDANT:  I do, your Honor.

14     THE COURT:  Okay.  Count 2 has a maximum term

15 of imprisonment of 15 years and that's 18 USC Section

16 201.  There is a minimum term of imprisonment -- there is

17 no minimum term of imprisonment.  There's a maximum

18 supervised release term of three years to follow any term

19 of imprisonment and if you violate a condition of

20 release, you could be sentenced to up to two years

21 without credit for pre-release imprisonment or time

22 previously served on post-release supervision.

23     There's a maximum fine of $250,000 or twice the

24 gross gain or twice the gross loss.  There's a mandatory

25 $100 special assessment and the same criminal forfeiture

Proceedings

1    provisions, as well.

2            Do you understand that?

3            THE DEFENDANT:  I understand, your Honor.

4            THE COURT:  It's not actually spelled out in

5    the agreement but I assume that the term of imprisonment

6    for these two counts can be imposed consecutively.  It's

7    within the discretion of the Court.

8            THE DEFENDANT:  I understand.

9            THE COURT:  You understand?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Okay.  All right.

12           THE COURT:  Are you a citizen of the United

13   States?

14           THE DEFENDANT:  I am, your Honor.

15           THE COURT:  Okay.  Just in an abundance of

16   caution, I will advise you that if you are not a citizen

17   of the United States, your conviction for these offenses,

18   particularly the cocaine offense, would result in your

19   being removed or deported from the United States.

20           Do you understand that?

21           THE DEFENDANT:  I understand, your Honor.

22           THE COURT:  Okay.  And understanding that, do

23   you still wish to plead guilty?

24           THE DEFENDANT:  I do, your Honor.

25           THE COURT:  Okay.  Now Judge Korman does not

15

Proceedings

1   have complete discretion to impose a sentence here.  As a

2   first step, the Court must consider the advisory

3   sentencing guidelines issued by the United States

4   Sentencing Commission in determining what is a reasonable

5   sentence.

6           As a second step, the Court must consider

7   whether there are any factors present that would allow

8   the Court to depart from the advisory guidelines either

9   upwardly or downwardly.

10          In addition, the Court must consider the

11   factors set forth in 18 USC Section 3553(a) against all

12   of the facts and circumstances of the case, and it may be

13   that what is called a nonguideline sentence maybe

14   appropriate.

15          The bottom line is that until the day of

16   sentencing when there's a presentence report, the judge

17   hears from you, your attorney, and the attorneys for the

18   government, you cannot know with certainty what the

19   guidelines will be, or whether there will be grounds to

20   depart from them or whether the Court will impose a

21   nonguideline sentence.

22          Do you understand that?

23          THE DEFENDANT:  I understand, your Honor.

24          THE COURT:  Nevertheless, I ask the attorneys

25   to give their best estimate of what the guidelines  are

Proceedings

16

1    likely to say based upon the facts available to them at

2    this time, but please keep in mind that it is a guess

3    that can be wrong and if the estimate is wrong, it's not

4    binding on the government, probation department or the

5    Court.  And you won't be able to use that as a basis to

6    withdraw your guilty plea.

7              Do you understand that?

8              THE DEFENDANT:  I understand, your Honor.

9              THE COURT:  What's the government's estimate of

10   the guideline range?

11             MR. SRINIVASAN:  Your Honor, our preliminary

12   estimate is 121 to 151 months, assuming that the

13   defendant is in criminal history category one.

14             THE COURT:  And Mr. Richman, do you have any

15   different calculation at this time?

16             MR. RICHMAN:  Those are my calculations, as

17   well, your Honor, subject to 3553(a) and other factors.

18             THE COURT:  Okay.  You understand that's just

19   an estimate and they could be wrong?

20             THE DEFENDANT:  I understand, your Honor.

21             THE COURT:  Okay.  Do you have any questions

22   you would like to ask me about the charges, your rights

23   or anything else related to this matter?

24             THE DEFENDANT:  Not at all, your Honor.

25             THE COURT:  Counsel, do you know of any reason

17

Proceedings

1    why the defendant should not plead guilty?

2              MR. RICHMAN:  I do not.

3              THE COURT:  Are you aware of any viable legal

4    defenses to the charges?

5              MR. RICHMAN:  I do not, sir.

6              THE COURT:  Mr. Marte, are you ready to plead

7    or do you wish to consult with your attorney before you

8    do so?

9              THE DEFENDANT:  I'm ready, your Honor.

10             THE COURT:  Okay.  What is your plea to Count

11   1, conspiracy to import cocaine, guilty or not guilty?

12             THE DEFENDANT:  Guilty, your Honor.

13             THE COURT:  And what is your plea to Count 2,

14   soliciting bribes by a public official, guilty or not

15   guilty?

16             THE DEFENDANT:  Guilty, your Honor.

17             THE COURT:  Are you pleading guilty voluntarily

18   and of your own free will?

19             THE DEFENDANT:  I am, your Honor.

20             THE COURT:  Has anyone threatened or forced you

21   to plead guilty?

22             THE DEFENDANT:  Not at all, your Honor.

23             THE COURT:  Other than the promises contained

24   in the written agreement, has anyone made any other

25   promises to you to induce you to plead guilty?

18

Proceedings

1          THE DEFENDANT:  No promises, your Honor.

2          THE COURT:  Has anyone made any promise to you

3   as to what your final sentence will be?

4          THE DEFENDANT:  Not at all.

5          THE COURT:  Okay.  Did you as charged in Count

6   1 of the information, between January of 2016, and

7   February 2016, knowingly and intentionally conspire to

8   import cocaine into the United States from a place

9   outside thereof?

10          MR. RICHMAN:  Your Honor --

11          MR. SRINIVASAN:  Your Honor, that's 2017.

12          THE COURT:  Sorry, January 2016 and February

13   2017?

14          THE DEFENDANT:  I did, your Honor.

15          THE COURT:  Okay.  And did you as charged in

16   Count 2 between January 2016 and  February 2017, being a

17   public official, knowingly and intentionally, and

18   corruptly demand, seek, receive, accept and agree to

19   receive one or more things of value in return for being

20   induced to do, and omit to do things in violation of your

21   official duty?

22          THE DEFENDANT:  I did, your Honor.

23          THE COURT:  Okay.  Can you tell me what you did

24   in your own words that makes you guilty of those

25   offenses?

Proceedings

1          MR. RICHMAN:  May I have a moment, your Honor?

2          THE COURT:  Yes, of course.

3  (Counsel and client confer)

4          THE DEFENDANT:  Your Honor, I permitted a

5  person to come by checkpoints in the airport with a bag

6  that contained narcotics and I received cash for it.

7          THE COURT:  Okay.  So what position did you

8  hold?

9          THE DEFENDANT:  I was just an immigration

10  officer.

11          THE COURT:  Okay.  So you were an immigration

12  officer and you allowed somebody to bring a bag of

13  cocaine into the United States?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Okay.  And that was in violation of

16  your duties as an immigration officer?

17          THE DEFENDANT:  Correct.

18          THE COURT:  And you did that in exchange for

19  cash?

20          THE DEFENDANT:  Correct.

21          THE COURT:  Okay.  And what airport are we

22  talking about?

23          THE DEFENDANT:  I worked at John F. Kennedy.

24          THE COURT:  JFK, okay.  And this was during the

25  time period that's listed in the information?

20

Proceedings

1          THE DEFENDANT:  Correct, your Honor.

2          THE COURT:  Okay.  And I believe that the

3   indictment has a drug weight of at least five kilograms

4   or more of cocaine.

5          Do you understand that?

6          THE DEFENDANT:  I understand, your Honor.

7          THE COURT:  Okay.  And so you acknowledge that

8   the amount of cocaine that came in through your actions

9   was at least five kilograms or more?

10          THE DEFENDANT:  I understand your Honor, yes.

11          THE COURT:  Yes.  Okay.  Is that allocution

12   sufficient to the government?

13          MR. SRINIVASAN:  Yes, your Honor.

14          THE COURT:  Okay.  All right.  Based on the

15   information given to me, I find that the defendant is

16   acting voluntarily, that he understands his rights and

17   the consequences of his plea and that there is a factual

18   basis for the plea.

19          And I will therefore recommend to Judge Korman

20   that he accept the plea of guilty to Count 1 and Count 2

21   of the superseding indictment.

22          There's a tentative sentencing date of

23   September 12th at 2:30 p.m.  I assume Mr. Richman, you

24   would like to be present for the probation interview.

25          MR. RICHMAN:  I would, yes, your Honor.

21

Proceedings

1          THE COURT:  Yes, okay.  Is there anything

2    further from either side?

3          MR. RICHMAN:  Nothing, sir.

4          MR. SRINIVASAN:  Your Honor, can I have one

5    minute?

6          THE COURT:  Yes, sure.

7          MR. SRINIVASAN:  Thank you, your Honor.

8    Nothing further.

9          THE COURT:  All right.  Thank you.

10          MR. RICHMAN:  Thank you, your Honor.

11              (Matter concluded)

12                  -o0o-

13

14

15

16

17

18

19

20

21

22

23

24

25

22

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **15th** day of **June**, 2018.

*Linda Ferrara*

Linda Ferrara

AAERT CET**D 656
Transcriptions Plus II, Inc.